

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*

*One Saint Andrew's Plaza*
*New York, New York  10007*

May 23, 2008

**BY HAND**

The Honorable Paul A. Crotty
United States District Judge
United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:   *United States v. Gilberto Estrella*,
            07 Cr. 1117 (PAC)

Dear Judge Crotty:

      The defendant in this matter, Gilberto Estrella, is scheduled to be sentenced by the Court on May 28, 2008.  The Government respectfully submits this letter in opposition to the defendant's letter dated May 19, 2008 ("Def. Ltr.").  In the letter, the defendant argues that a sentence below the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") range set forth in the United States Probation Department's Presentence Investigation Report ("PSR"), to run concurrently with an undischarged state term of imprisonment, is warranted as a result of: (1) the allegedly unwarranted disparity between sentences imposed for illegal reentry cases in this District, as compared to districts with "fast-track" programs; (2) the increase in the defendant's Guidelines level as a result of his prior criminal history; and (3) the defendant's personal characteristics.  None of these arguments supports a non-Guidelines sentence.  Accordingly, the Government respectfully requests that the Court impose a sentence within the Guidelines range of 57 to 71 months' imprisonment as set forth in the PSR, which is sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

## BACKGROUND

**A.    The Offense**

      On February 14, 2008, the defendant appeared before the Court and pleaded guilty to a one count indictment, 07 Cr. 1117 (PAC) (the "Indictment").  The Indictment charged that on November 13, 2006, in the Southern District of New York and elsewhere, the defendant was found in the United States after having been deported from the United States subsequent to a conviction for an aggravated felony, without having obtained the express consent of the Attorney

The Honorable Paul A. Crotty
May 23, 2008
Page 2 of 7

General of the United States, or his successor, the Secretary for the Department of Homeland Security, to reapply for admission. (PSR ¶¶ 1-2.)

**B.    The Defendant's Criminal History and Applicable Guidelines Range**

The defendant has six prior convictions that result in eight criminal history points and place him in Criminal History Category IV. The defendant's record of convictions began on or about June 4, 1981, when the defendant was convicted of trespassing. This conviction resulted in no criminal history points. (PSR ¶ 25.) On June 9, 1981, the defendant was convicted of Criminal Possession of a Controlled Substance in the Seventh Degree. This conviction resulted in no criminal history points. (PSR ¶ 26.) On September 30, 1981, the defendant was convicted of two counts of Criminal Possession of a Controlled Substance in the Third Degree, relating to two separate arrests for this offense. The defendant was deported on September 27, 1985, following service of a one-to-three year term of imprisonment for these offenses. These convictions resulted in no criminal history points. (PSR ¶ 28-29.) On June 21, 1995, having returned to the United States illegally, the defendant was convicted of Criminal Possession of a Controlled Substance in the Second Degree. The defendant was again deported following service of a three-years-to-life term of imprisonment. This conviction resulted in three criminal history points. (PSR ¶ 31-34.) On May 21, 2007, the defendant was convicted of four different offenses—Criminal Possession of a Controlled Substance in the Second Degree, Criminal Possession of a Controlled Substance in the Third Degree, Attempted Money Laundering in the Second Degree, and Criminal Possession of a Weapon in the Third Degree—and was sentenced to a total term of 6 years' imprisonment. These convictions resulted in three criminal history points. (PSR ¶¶ 35-37.) Two criminal history points are added because the defendant committed the instant offense while he was on parole. (PSR ¶¶ 31, 38.)[1] As a result, the defendant has eight criminal history points, resulting in a Criminal History Category of IV.

The defendant pleaded guilty to the Indictment on February 14, 2008, without the benefit of a plea agreement.

Pursuant to Title 8, United States Code, Section 1326(b)(2), the maximum sentence for the instant offense is 20 years' imprisonment. (PSR ¶ 69.) Under the Guidelines, this charge has a base offense level of 8, which is increased by 16 levels to 24 because the defendant was previously deported after being convicted of a felony conviction for a controlled substance for which the sentence imposed exceeded 13 months' imprisonment. (PSR ¶ 13-14.) Given the defendant's timely allocution, and assuming continued acceptance of responsibility, a three-level

---

[1] At the time the defendant entered his guilty plea, the Government was not aware that the defendant remained on parole when he committed the instant offense. Accordingly, the *Pimentel* letter provided to the defendant at the time of his guilty plea did not reflect the additional two criminal points added by the PSR as a result of his parole status.

The Honorable Paul A. Crotty
May 23, 2008
Page 3 of 7

reduction is warranted, resulting in an offense level of 21. (PSR ¶ 19.) Based on a total offense level of 21 and a Criminal History Category of IV, the Guidelines range is 57 to 71 months' imprisonment. (PSR ¶ 65.) The Probation Department recommends a sentence of 71 months, the top of the applicable range, to run consecutively to the defendant's undischarged term of New York State imprisonment. (PSR at 18-19.)

## APPLICABLE LAW

### A.   The Appropriate Sentence And Application Of The Guidelines

The United States Sentencing Guidelines (the "Guidelines") still provide strong guidance to the Court in light of *United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Although *Booker* held that the Guidelines are no longer mandatory, it held also that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. 543 U.S. at 264. As the Supreme Court recently stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark" for sentencing determinations. *Gall* v. *United States*, 128 S. Ct. 586, 596 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): "the nature and circumstances of the offense and the history and characteristics of the defendant" (§ 3553(a)(1)); the four legitimate purposes of sentencing (§ 3553(a)(2)); "the kinds of sentences available" (§ 3553(a)(3)); the Guidelines range itself (§ 3553(a)(4)); any relevant policy statement by the Sentencing Commission (§ 3553(a)(5)); "the need to avoid unwarranted sentence disparities among defendants" (§ 3553(a)(6)); and "the need to provide restitution to any victims" (§ 3553(a)(7)). *See Gall*, 128 S. Ct. at 596-97 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

>   (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>   (B)   to afford adequate deterrence to criminal conduct;
>
>   (C)   to protect the public from further crimes of the defendant; and
>
>   (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Honorable Paul A. Crotty
May 23, 2008
Page 4 of 7

18 U.S.C. § 3553(a)(2).

Courts may not presume that the appropriate sentence necessarily lies within Guidelines range, but "the fact that § 3553(a) explicitly directs sentencing courts to consider the Guidelines supports the premise that district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process." *Gall*, 128 S. Ct. at 596 n.6. Their relevance throughout the sentencing process stems in part from the fact that, while the Guidelines are advisory, "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives," *Rita v. United States*, 127 S. Ct. 2456, 2463 (2007), and the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," *Gall*, 128 S. Ct. at 594; *see also Rita*, 127 S. Ct. at 2464. To the extent a sentencing court varies from the Guidelines sentence, "[it] must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 128 S. Ct. at 597.

In this case, a sentence within the applicable Guidelines range of 57-71 months' imprisonment represents a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in 18 U.S.C. § 3553(a)(2). The defendant has a disturbing immigration and criminal record; the defendant has already been deported on two different occasions following commission of felony drug offenses, yet he has continued to illegally reenter the United States, and commit further crimes, following each deportation. Most recently, upon his third illegal entry into the United States, he was arrested with $347,820 in U.S. currency, 42 kilograms of cocaine, and an operable automatic firearm and ammunition. (PSR ¶¶ 35-37.) Thus, a sentence within the applicable Guidelines range is necessary to "promote respect for the law, and to provide just punishment for the offense" that the defendant has continued to commit. *Id.* § 3553(a)(2)(A). A sentence within the applicable Guidelines range is also necessary to "afford adequate deterrence to criminal conduct." *Id.* § 3553(a)(2)(B). In this case, the defendant has not been deterred from illegally reentering this country by multiple deportations unaccompanied by criminal sanctions. Thus, a substantial term of imprisonment appears necessary to deter the defendant from continuing to illegally reenter the United States. Finally, a sentence within the applicable Guidelines range is necessary "to protect the public from further crimes of the defendant." *Id.* § 3553(a)(2)(C). The defendant has returned to the United States illegally on multiple occasions following prior deportations to commit additional felony offenses. Thus, imposition of a term of imprisonment within the applicable Guidelines range appears necessary to protect the public from the defendant.

Moreover, the sentence imposed on the defendant for the instant offense should run consecutively to the undischarged state term of imprisonment imposed for the defendant's most recent criminal conduct. As recommended by the PSR (PSR at 18-19), application of U.S.S.G. § 5G1.3(c) calls for imposition of a consecutive sentence in this case for several reasons. First, the instant offense is wholly unrelated to the offenses for which the defendant was convicted and sentenced in state court. Second, for the reasons stated above, the nature and seriousness of the

The Honorable Paul A. Crotty
May 23, 2008
Page 5 of 7

instant offense call for imposition of a consecutive term of imprisonment, given the defendant's prior unpunished illegal entries into the United States and criminal conduct within the United States. *See* U.S.S.G. § 5G1.3 app. note 3 (recommending reference to Section 3553(a) factors when determining whether to impose a concurrent or consecutive sentence). Third, the defendant received six years' imprisonment in state court for extremely serious offenses, including possession of over 40 kilograms of cocaine, an automatic weapon, and almost $350,000 in cash. Imposition of a consecutive term of imprisonment is warranted due to the seriousness of the defendant's criminal conduct following his illegal return to the United States.

**B.      The Defendant's Arguments Do Not Support A Below-Guidelines Sentence**

      1.      <u>The defendant's fast-track argument should be rejected</u>

The defendant argues that the Court should exercise its discretion to impose a below-Guidelines sentence that would address allegedly unwarranted disparities between the Guidelines range applicable to the defendant and the lower Guidelines range applicable to defendants who plead guilty pursuant to "fast-track" programs in other Districts. (Def. Ltr. at 4-7.) *See United States v. Mejia*, 461 F.3d 158, 160-61 (2d Cir. 2006) (describing fast-track programs). Fast-track programs are intended to conserve scarce prosecutorial and judicial resources. *See id.* Accordingly, Districts with fast-track programs require, *inter alia*, that defendants agree to "expedited disposition, waiver of pre-trial motions by the defendant, waiver of appeal, and waiver of the right to habeas corpus," *id.* at 161, in order to benefit from the lower Guidelines range available to participants in the program.

In *Mejia*, the Court observed that because Congress approved of, but did not mandate, fast-track programs, it "necessarily decided that they do not create the unwarranted sentencing disparities that it prohibited in Section 3553(a)(6)." *Id.* at 163 (citations omitted). The Court further observed that the Sentencing Commission had itself "rejected compensatory downward departure[s]" as a remedy for any disparity in sentences between fast-track and non-fast-track districts. *Id.* at 164. The Court therefore concluded, joining all of the other Courts of Appeals that had considered the issue, that "a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable." *Id.* (citations omitted). Indeed, the Court was aware of "no sentencing principle [that] requires the sentencing court to mimic" fast-track benefits in non-fast-track jurisdictions. *Id.* at 163. More recently, in *United States v. Hendry*, – F.3d –, 2008 WL 942580 (2d Cir. Apr. 9, 2008), the Second Circuit reaffirmed sentencing courts' "discretion not to depart on the grounds of a disparity created by the absence of a fast-track program," *id.* at *2.

Although neither *Mejia* or *Hendry* conclude that it is necessarily unreasonable for a district judge to take into account the existence of fast-track programs elsewhere when imposing sentence, the decision in *Mejia* indicates that the disparities between fast-track and non-fast-track jurisdictions, which were authorized by Congress and the Sentencing Commission, were warranted and should not be undermined by imposition of fast-track-equivalent sentences on all

The Honorable Paul A. Crotty
May 23, 2008
Page 6 of 7

illegal re-entrants, regardless of whether they qualify for, or choose to participate in, a fast-track program.  Accordingly, the absence of a fast-track program in this District does not support imposition of a below-Guidelines sentence in this case.

>   2. <u>The Guidelines' increase in the defendant's sentencing range based on criminal history is not improper</u>

As the defendant acknowledges (Def. Ltr. 7), the Second Circuit has rejected the proposition that the Guidelines provision applicable to the defendant, U.S.S.G. § 2L1.2(b)(1)(A), results in impermissible "double counting": "It is well-established in this Circuit that a district court does not err when it uses a prior offense to calculate both the offense level and the criminal history category to determine the correct Guidelines range in unlawful reentry cases. . . . [T]he offense level and criminal history category measure different things." *United States v. Pereira*, 465 F.3d 515, 522 (2d Cir. 2006) (internal citations and quotation marks omitted).  Accordingly, the Court properly may consider the Guidelines range applicable to the defendant despite the possibility that the defendant's prior criminal history may affect both his criminal history category and his offense level.[2]

>   3. <u>The defendant's personal circumstances do not warrant a below-Guidelines sentence</u>

Under Section 3553(a), the sentencing court must first consider "the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).  Here, the defendant argues that his family circumstances and personal characteristics warrant a below-Guidelines sentence.  (Def. Ltr. at 2-4, 7.)

This claim does not support a below-Guidelines sentence.  The defendant's lengthy criminal record includes several serious drug offenses, including, most recently, a serious drug offense that involved possession of almost $350,000 in illegal drug proceeds and an automatic weapon.  Moreover, the defendant continues to be undeterred by his prior experiences with the criminal justice system, and his prior deportations, from illegally reentering the United States to commit further crimes.  Despite the unfortunate effect that the defendant's imprisonment may have on the defendant's family and others close to the defendant, the defendant's personal circumstances should not support a below-Guidelines sentence in this case.

---

[2] In any event, there would be no need to double-count the defendant's criminal conduct in the instant case; the defendant's one-to-three year sentence for two counts of Criminal Possession of a Controlled Substance in the Third Degree did not count in the calculation of the defendant's criminal history category (PSR ¶¶ 28-29), yet the sentence would have been sufficient to increase the defendant's offense level under U.S.S.G. § 2L1.2.

The Honorable Paul A. Crotty
May 23, 2008
Page 7 of 7

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant within the applicable Guidelines range, as it is sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

                                              Respectfully submitted,

                                              MICHAEL J. GARCIA
                                              United States Attorney
                                              Southern District of New York


                            By:   s/ Howard S. Master
                                              Howard S. Master
                                              Assistant United States Attorney
                                              212-637-2248

cc:    David E. Patton, Esq., Attorney for Defendant
       (By Facsimile)