UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA,            :
                                     :
                                     :
   - v. -                            :
                                     :
GILBERTO ESTRELLA,                   :
                                     :
          Defendant.                 :
-------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 18, 2015

ORDER
1: 07 Cr. 01117 (PAC)

HONORABLE PAUL A. CROTTY, United States District Judge:

On February 14, 2008, Gilberto Estrella ("Mr. Estrella") pled guilty to illegal reentry to

the United States after being deported for committing an aggravated felony. He was sentenced

on May 28, 2008 to a term of 36 months to be served consecutively to an 8 year term of

imprisonment on unrelated New York State gun and drug charges. Mr. Estrella did not appeal

his conviction or sentence.

On July 9, 2009, Mr. Estrella filed an application, pursuant to 28 U.S.C. § 2255, with the

Second Circuit. On August 18, 2009, the Second Circuit directed that Mr. Estrella's application

(attached as exhibit "A") be transferred to the U.S. District Court for the Southern District of

New York and filed as a 2255 "motion for adjudication" by the District Court.[1] For reasons at

present unknown, the Second Circuit's Order was not promptly complied with. Pursuant to the

Second Circuit's Order, the Court now directs that the Clerk's Office file Mr. Estrella's

application as a 2255 motion in 1:07 Cr. 1117 – PAC. The application is denied.

On December 11, 2014, Mr. Estrella filed a motion under 18 U.S.C. § 3582(c)(2) seeking

a reduction in his sentence. This motion is denied, as well.

---

[1] Mr. Estrella also filed with the Second Circuit a pro se application for the appointment of counsel (attached as
Exhitit B). On September 14, 2009, the Second Circuit transferred this application to the District Court. Upon
consideration of the substance and merits of Mr. Estrella's claims, as set forth in his 2255 application, the Court
denies the application for the appointment of counsel.

Mr. Estrella's 2255 application is really a request that his federal custodial sentence run concurrently with his state sentence, rather than consecutive to it:

> "I am currently incarcerated at Gouverneur C.F., located in Gouverneur, New York, and have already cop-ed [sic] out to a 3 year sentence with the Federal Gouvernment [sic], that is to run consecutive to/after my State time is completed, in a few years.
>
> I am challenging that sentence, as I do want to be deported, and feel it is harsh & ridig [sic] to run the time consecutively, and not concurrent with my existing sentence. I have currently completed "all" state programs, and even the drug ASAT drug program, and do have a place to live in the Dominican Republic.
>
> I thank you for your help and assistance as my english is weak, and I will need a spanish lawyer assistance, as now I am going to our law library."

Mr. Estrella does not assert or claim any substantive or procedural error with his sentence. But since his State sentence was to be satisfied in 2013, he wishes to return to the Dominican Republic at that time, rather than serve his federal sentence. That is the sole reason he seeks a concurrent sentence.

Before he was sentenced, Mr. Estrella received the PSR, dated May 15, 2008. His PSR determined that the offense level was 21; and in light of his long criminal record, he was in criminal history Category IV. At the time of his arrest, he had 42 kilograms of cocaine, $347,000 in cash, a .380 firearm, ammunition, a money counter and narcotics ledgers and records. He was sentenced to a state term of 8 years for this criminal conduct (2 years on the gun charge and 6 years on the drug and money laundering charges). The PSR calculated that the guidelines called for a sentence of 57 to 71 months;[2] and recommended a sentence of "71 months to run consecutively to the undischarged term of New York State imprisonment."

---

[2] Before he pled guilty on February 14, 2008, Mr. Estrella and his counsel received a <u>Pimental</u> letter in which the Government calculated the Guidelines range at 46 to 57 months. The PSR determined that Mr. Estrella was on supervised release at the time of his illegal reentry and, accordingly, increased his crime history score.

The Pre-Sentence Report stated that the total custodial sentence for the State offenses was six years. Implementation of the PSR's recommendations would have resulted in a sentence of almost six more years, to run consecutively with the six years to be served on the State conviction. At sentencing, however, it became clear that the Pre-Sentence Report understated the amount of time to be served on the State sentence. All parties agreed that Mr. Estrella's actual sentence was 2 years on the weapon possession count, to be followed by six years on the counts of possession of a controlled substance and money laundering. These sentences were to be served consecutively. In short, Mr. Estrella was sentenced to eight years for his State crimes.

In light of the fact that Mr. Estrella was serving a longer state sentence and the Pimental letter calculated the guidelines sentence at 46 to 57 months, the Court determined to use the Pimental calculation as its starting point for the guideline calculations.

There is no doubt that Mr. Estrella is a serial offender. This is his third conviction for illegal reentry. Once here in the United States, he has multiple convictions for violating our drug laws. He uses aliases and he has been a fugitive from justice. He does not merit leniency, but the sentence imposed must be reasonable considering all of the circumstances. As a guide to reasonableness, the Court considered all the factors in 18 U.S.C. § 3553, and recognized that the guidelines are not mandatory, but discretionary. The Court also considered U.S.S.G. § 5G1.3(c) cmt. 3(A)(i)-(v) (2007) in determining whether the sentence should be concurrent or consecutive.

Mr. Estrella's crime of illegal reentry is serious, and has occurred at least twice before. In these circumstances, a sentence of 36 months was appropriate and reasonable. Since illegal reentry is a completely separate crime from the criminal conduct which led to the State prosecution, there was no good and sufficient reason to run the federal sentence concurrent with the State conviction.

3

In short, there is no basis for the sentencing relief Mr. Estrella seeks under 28 U.S.C. §
2255 or 18 U.S.C. § 3582(c)(2); and, accordingly, each is denied.  As petitioner has not made a
substantial showing of the denial of a constitutional right, a certificate of appealability will not
issue.  28 U.S.C. § 2253.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal
from this Order would not be taken in good faith.  See Coppedge v. United States, 369 U.S. 438
(1962).

Dated:  New York, New York
      March 18, 2015

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copy Mailed By Chambers To:

Gilberto Estrella
60658-054
CI Moshannon Valley
555 Geo Drive
Philipsburg, PA  16866

# Exhibit "A"

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## APPLICATION FOR LEAVE TO FILE A SECOND OR
## SUCCESSIVE MOTION TO VACATE, SET ASIDE
## OR CORRECT SENTENCE
## 28 U.S.C. § 2255
## BY A PRISONER IN FEDERAL CUSTODY
That is currently in State Custody.

| NAME: |
|---|
| Gilberto Estrella |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 18, 2015

| PLACE OF CONFINEMENT: | PRISONER NUMBER: |
|---|---|
| Gouverneur C.F. | 07A3414 |
| Gouverneur, New York | USMS#60658054 |

### INSTRUCTIONS—READ CAREFULLY

(1)   This application must be legibly handwritten or typewritten and signed by the applicant under penalty of perjury.  Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury.

(2)   All questions must be answered concisely in the proper space on the form.

(3)   The Judicial Conference of the United States has adopted the 8½ x 11 inch paper size for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(4)   All applicants seeking leave to file a second or successive petition are required to use this form, except in capital cases.  In capital cases only, the use of this form is optional.

(5)   Additional pages are not permitted except with respect to additional grounds for relief and facts which you rely upon to support those grounds.   Do not submit separate petitions, motions, briefs, arguments, etc., except in capital cases.

(6)   In accordance with the "Antiterrorism and Effective Death Penalty Act of 1996," as codified at 28 U.S.C. § 2255, effective April 24, 1996, before leave to file a second or successive

motion can be granted by the United States Court of Appeals, it is the applicant's burden to make a prima facie showing that he satisfies either of the two conditions stated below.

> A second or successive motion must be certified as provided in [28 U.S.C.] section 2255 by a panel of the appropriate court of appeals to contain—

>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

(7)   When this application is fully completed, the original and four copies must be mailed to:

> **Clerk of Court**
> **United States Court of Appeals for the Second Circuit**
> **United States Courthouse**
> **40 Foley Square**
> **New York, New York 10007**

> I am within the 1 year period allowed by law.
>            (see exhibits A-B-C.)

***** I am currently incarcerated at Gouverneur C.F., located in Gouverneur, New York, and have already cop-ed out to a 3 year sentence with the Federal Government, that is to run consecutive to/after my State time is completed, in a few years.

I am challenging that sentence, as I do want to be deported, and feel it is harsh & ridig to run the time consecutively, and not concurrent with my existing sentence. I have currently completed "all" state programs, and even the drug ASAT drug program, and do have a place to live in the Dominican Republic.

I thank you for your help and assistance as my english is weak, and I will need a spanish lawyer assistance, as now I am going to our law library.*******

Page 2

```
06/25/07    SRCL009   RECEPTION/CLASSIFICATION SYSTEM  *RCLASS*      PAGE  001
09:31:07                    LEGAL DATE COMPUTATION     COMP DATE:  06/22/2007
                                                       BY: CCLMBNV
              TYPE 90 (MANUAL COMPUTATION                         )

  DIN:  07A3414  NAME:  ESTRELLA, GILBERTO                 NYSID:  4697869N

  CURRENT LOCATION:  DWNSTATE REC - 02-OF-002

  DATE RECEIVED              2007 06 19
  MINIMUM TERM               007 01 18  TIME TO SERVE (MINIMUM)    006 06 11
  MAXIMUM TERM               008 00 00  TIME TO SERVE (MAXIMUM)    007 04 23
  JAIL TIME (DAYS)               0217   TIME OWED (MINIMUM)
  DATE SENTENCED                        TIME OWED (MAXIMUM)        999 99 99
  ORIG. MAX. EXP. DATE    9999 99 99    PAROLE JAIL TIME (DAYS)
  DATE DECLARED DELINQUENT 2006 11 14   NET TIME OWED
  DATE RETURNED                         PRIOR TIME CREDIT
  ORIG. DATE RECEIVED                   SUPPLEMENTAL MERIT TIME POSS.
  DATE RELEASED                         MERIT TIME POSSIBLE         00 10 12
  DATE FAILED TO RETURN                 GOOD TIME ADJUSTMENT
  DATE ESCAPED                          GOOD TIME POSSIBLE        000 00 00
  ORIG. PAR. ELIG. DATE                          FINAL RESULTS
  OTHER STATE SENT. DATE                SUPPLEMENTAL MERIT ELIG DT
  DATE DISCHARGED                       MERIT ELIGIBILITY DATE    2013 02 17
  DATE REAFFIRMED                       PAROLE ELIGIBILITY DATE   2013 12 29
  MEPS                                  PAROLE HEARING DATE/TYPE  2012 12  MERT
  PAROLE BOARD DISCHARGE                TENTATIVE RELEASE DATE
  PRS  05 00 00    PRS ME               MAXIMUM EXPIRATION DATE   9999 99 99
                                        CONDITIONAL RELEASE DATE  9999 99 99
                                        T.A.C. DATE/TYPE                  FMAX

  REMARKS: RPV/CS DET/CS INDET
```

```
DIST:  IRC (1), GUID & COUNS UNIT (1), INST PAROLE  (1), INMATE (1)
```

EXHIBIT A



STATE OF NEW YORK
DEPARTMENT OF CORRECTIONAL SERVICES

# FIVE POINTS CORRECTIONAL FACILITY

CALLER BOX 400
STATE ROUTE 96
ROMULUS, NEW YORK 14541

**BRIAN S. FISCHER**
COMMISSIONER

607-869-5111

**JOHN B. LEMPKE**
SUPERINTENDENT

July 7, 2008

United States Marshal
Southern District of NY
500 Pearl Street
New York, NY 10007

Re:     Estrella, Gilberto (#07A3414)
CR#:    07 CR 1117
USMS#: 60658-054

Dear Sir/Madam:

The following warrant has been received at this facility and is being lodged as a detainer against the above-named inmate:

### STATE OF NEW YORK- UNITED STATES MARSHAL- SOUTHERN DISTRICT-DTD: 6/26/08

**Sentenced to 36 Months Consecutive to NYS Sentence**

His legal dates are as follows:     Earliest Release Date:         12/29/2013
                                    Conditional Release Date:      None
                                    Maximum Expiration Date:       Life

Your office will be notified thirty days before release.

Sincerely,

Susan A. Leubner
IRC Office, Clerk II
(607) 869-5111 Ext. 4103

Encs.
/sal

cc.  Guidance, Parole, Central File, inmate, File

| **INMATE:** | (X) Not eligible for speedy trial. |
|---|---|
| | ( ) If you wish a speedy trial or prompt disposition, contact the Law Library. |
| | ( ) If you wish a speedy trial in accordance with Section 580.20 C.P.L. (Interstate Agreement on Detainers) sign the original of the attached forms and return to this office. |

*EXHIBIT* 

U.S. Department of Justice
United States Marshals Service



# DETAINER

C7A 3414

## BASED ON FEDERAL JUDGMENT AND COMMITMENT

United States Marshal

*Southern District NY*
*(District)*
*500 Pearl Street*
*NY NY 10007*
*(Return Address and Phone)*
*212-331-7100/7116*

*Please type or print neatly:*

TO: Five Points Correctional Facility
State Route 96
Romulus, NY 14541

DATE: 06/10/2008

SUBJECT: Estrella, Gilberto

AKA: _____

DOB/SSN: 04/13/1963

REF. # DIN 07A3414

USMS #: 60658-054

CR #: 07 CR 1117

Please accept this Detainer against the above-named subject who is currently in your custody. The United States District Court for the Southern District of New York has issued a **Judgment and Commitment Order** against the subject. The attached **Judgment and Commitment Order** commits the subject to the custody of the U.S. Attorney General to serve the following sentence of imprisonment:

> Sentenced to 36 months to run CONSECUTIVE to state sentence.

Prior to the subject's release from your custody, please notify this office at once so that we may assume custody of the subject for service of his Federal sentence of imprisonment. If the subject is transferred from your custody to another detention facility, we request that you forward our Detainer to said facility at the time of transfer and advise this office as soon as possible. The notice and speedy trial requirements of the Interstate Agreement on Detainers Act do NOT apply to this Detainer.

Please acknowledge receipt of this Detainer. In addition, please provide one copy of the Detainer to the subject and return one copy of the Detainer to this office in the enclosed self-addressed envelope.

| RECEIPT |
|---|
| Date: *6/26/08* |
| Signed: |
| By: *B. Castleberry* |
| Title: *Clerk* |

Very truly yours,

_____
(Signature)

Joseph Guccione
U.S. Marshal

Requested by: Fredrick W. Lamey

Form USM-16B
Rev. 04/05

*( EXHIBIT B )*

EXHIBIT C

## On Deadline: What others are reporting

## Feds often give leniency for guilty pleas

Federal prosecutors often cut deals with serious criminals, including murderers, drug dealers and gang members, offering leniency in exchange for a guilty plea and testimony in court, *The Baltimore Sun* reported (baltimoresun.com). In the first quarter of this year, 96% of federal cases garnered guilty pleas, the newspaper said, citing data from the U.S. Sentencing Commission.

See more stories from across the Web at our On Deadline blog at USATODAY.com, your 24/7 website for news from around the nation and the world.

Defense attorneys say it gives cooperators incentive to lie. "Their testimony is essentially bought and paid for," John Wesley Hall, president of the National Association of Criminal Defense Lawyers, told the *Sun*. Prosecutors tell the *Sun* that the deals are necessary to get information about criminal groups. "Often the people who are in the best position to be witnesses in a case are the people who themselves have been involved in the criminal activity," Maryland U.S. Attorney Rod Rosenstein said.

By John Bacon with staff and wire reports

## Please recycle

USA TODAY
**MOBILE**  Live USA TODAY News and information with you on the go. Text **USA** to **59523** or enter **m.usatoday.com** into your mobile browser. Carrier charges may apply.

Monon?

APPLICATION

1.  (a)   State and division of the United States District Court which entered the judgment of
          conviction under attack ___*Southern District of New York*___

    (b)   Case number ___*07CR1117*___      ___*# 60658-054*___

2.  Date of judgment of conviction ___*July 7th 2008*___
                                                    *Received July 15th, 2008*

3.  Length of sentence ___*3 Years*___ Sentencing Judge ___*Joseph Guccione*___

4.  Nature of offense or offenses for which you were convicted:
    ___*Illegal Re-Entry (1 count) of a Deported*___
    ___*Aggravated Felon*___

5.  Have you taken a direct appeal relating to this conviction and sentence in the federal court?
        Yes ( ) No (✗) If "yes", please note below:
    (a) Name of court _____
    (b) Case number _____
    (c) Grounds raised (list all grounds; use extra pages if necessary) _____

        ___*This is my first application*___
        ___*recommended by the Pro-Se*___
        ___*office*___

    (d) Result _____
    (e) Date of result _____

6.  Related to this conviction and sentence, have you ever filed a motion to vacate in any federal
    court?
        Yes ( ) No (✗) If "yes", how many times? _____ (if more than one,
        complete 6 and 7 below as necessary)
    (a) Name of court _____
    (b) Case number _____
    (c) Nature of proceeding _____

    (d) Grounds raised (list all grounds; use extra pages if necessary) _____

        ___*N/A*___

Page 3

(e) Did you receive an evidentiary hearing on your motion?    Yes ( )   No ( )

(f) Result _____

_____

(g) Date of result _____

7.    As to any second federal motion, give the same information:

(a) Name of court _____

(b) Case number _____ *N/A* _____

(c) Nature of proceeding _____

_____

_____

(d) Grounds raised (list all grounds; use extra pages if necessary)_____

_____

_____ *N/A* _____

_____

_____

(e) Did you receive an evidentiary hearing on your motion?    Yes ( )   No ( )

(f) Result _____

_____

(g) Date of result _____

8.    As to any third federal motion, give the same information:

(a) Name of court _____

(b) Case number _____ *N/A* _____

(c) Nature of proceeding _____

_____

_____

(d) Grounds raised (list all grounds; use extra pages if necessary)_____

_____

_____ *N/A* _____

_____

(e) Did you receive an evidentiary hearing on your motion?    Yes ( )   No ( )

(f) Result _____

_____

(g) Date of result _____ *N/A* _____

9.    Did you appeal the result of any action taken on your federal motions? (Use extra pages to reflect additional federal motions if necessary)

(1) First motion          No (✓)   Yes ( ) Appeal No. _____

(2) Second motion  No (✓) Yes ( ) Appeal No. _____

(3) Third motion   No (✓) Yes ( ) Appeal No. _____

10. If you did _not_ appeal from the adverse action on any motion, explain briefly why you did not:

( SEE LETTER EXHIBIT D )
MY ENGLISH IS WEAK  I DID NOT KNOW IT
WAS RUNNING CONSECUTIVE.  I WANT TO BE DEPORTED
AND GO TO MY COUNTRY DOMINICAN REPUBLIC, AS SOON
AS POSSIBLE.

11. State _concisely_ every ground on which you _now_ claim that you are being held unlawfully.
Summarize _briefly_ the _facts_ supporting each ground.

A. Ground one: I REQUIRE A ICS # AND A APPEARANCE DATE
FOR "EARLY" DEPORTATION.

Supporting FACTS (tell your story briefly without citing cases or law):

NEW MORE LENIENT LAWS PRESENTLY BEING PASSED
OVER THE LAST (2) YEARS ENABLE ME , WHO N
PROGRAM COMPLETED TO BE DEPORTED EARLIER. I AM
NOW REQUESTING THAT.

Was this claim raised in a prior motion? Yes ( ) No ( ) (NONE)

Does this claim rely on a "new rule of law?" Yes (✓) No ( )
If "yes," state the new rule of law (give case name and citation):

_____

_____

Does this claim rely on "newly discovered evidence?" Yes ( ) No ( )
If "yes," briefly state the newly discovered evidence when it was discovered, and why
it was not previously available to you.

237(a)(2)(A)(iii)  #(3)(i)
IMMIGRATION AND NATURALITY ACT
(ACT) ENABLES ME TO "APPLY FOR" EARLY DEPORTATION
AND HAVE MY FEDERAL TIME RUN CON-CURRENT -
NOT CONSECUTIVE TO MY STATE TIME

_____

B. Ground two: SECTION 102 OF THE CONTROLLED SUBSTANCE
ACT 21  U.S.C. 802)

Supporting FACTS (tell your story briefly without citing cases or law):

Page 5

_(SEE EXHIBIT D)_

Was this claim raised in a prior motion?   Yes ( )  No (✓)

Does this claim rely on a "new rule of law?"   Yes ( )   No ( )
If "yes," state the new rule of law (give case name and citation):

_JUST SEE EXHIBIT C THAT THERE ARE MANY "NEW" DEPORTATION OPINIONS I HOPE I QUALIFY FOR 1 OF THEM, AND MY SITUATION_

Does this claim rely on "newly discovered evidence?"   Yes (✓)  No ( )
If "yes," briefly state the newly discovered evidence when it was discovered, and why it was not previously available to you.

_NEWSPAPER ARTICLES AND THE FACT I HAVE COMPLETED ALL MY REQUIRED STATE PROGRAMS_

**[Additional grounds may be asserted on additional pages if necessary]**

12.   Do you have any motion or appeal now pending in any court as to the judgment now under attack?   Yes ( )   No (✓)
       If "yes," name of court _____ Case number _____

       Wherefore, applicant prays that the United States Court of Appeals for the Second Circuit grant an Order Authorizing the District Court to Consider Applicant's Second or Successive Motion to Vacate under 28 U.S.C. § 2255.

_Gilberto Estrella_ Applicant's Signature

Gilberto Estrella

I declare under Penalty of Perjury that my answers to all the questions in this Application are true and correct.

Executed on ____7/5/2009____          _Gilberto Estrella_
                  [date]                               Applicant's Signature
                                                       Gilberto Estrella

Sworn to me on this ___5___ day of July, 2009.

                                              Page 6

Notary Public

T. Christopher Reed
Notary Public, State of New York
No. 01RE6074262
Qualified in St. Lawrence County
Commission Expires: 5/17/2010

# 2009 Rockefeller Drug Law Reforms

The Legislature has enacted historic revisions of the Rockefeller Drug Laws as part of the 2009-2010 budget. Many of the changes will be effective immediately upon enactment of the state budget, and will apply to pending cases. Here is a summary of the highlights of the legislation. A copy of the bill is also attached.

1.    NEW SENTENCING LAWS FOR DRUG CRIMES (EFFECTIVE IMMEDIATELY)

**First Felony Drug & Marijuana Offenses**
<u>Class B</u>: Imprisonment will no longer be mandatory – Probation, a split sentence, a definite jail term, and a determinate state prison term between 1 and 9 years (with post-release supervision) will be authorized. If imposing a state prison sentence, the court may order the defendant be directly placed in the Willard drug treatment program as part of a sentence of parole supervision (see CPL § 410.91). The court may also order the client directly placed in the SHOCK incarceration program. Note: a separate budget bill this year will increase the maximum age for SHOCK placement to 50 (from 40).

<u>Class C, D and E</u>: Imprisonment will continue to be discretionary, not mandatory.    All non-incarcerative dispositions are authorized.  The sentencing court may order the client directly placed in the SHOCK incarceration program.  Although debatable given the statutory language, Willard will probably not be an available option for these clients, who are not subject to mandatory imprisonment.

**Second Felony Offenders (with non-violent prior felony conviction)**
<u>Class B</u>: Imprisonment is required unless a defendant is diverted for drug or alcohol treatment pursuant to new section 216 of the Criminal Procedure Law, which authorizes diversion in the court's discretion (i.e., without D.A. consent) following an alcohol and substance abuse evaluation (see below). Although the judicial diversion option will be available for defendants who committed crimes prior to the effective date of the legislation, it does not go into effect until October 2009. Therefore, adjournments will be necessary for current defendants who wish to avail themselves of the diversion option.

The minimum state prison sentence for Class B second felony drug offenders (with a prior nonviolent felony) is reduced to 2 years (and 1½ years PRS), to a maximum of 12 years. Therefore, Class B second felony offenders who are not judicially diverted to treatment, and are sentenced to less than 3½ years, will be SHOCK eligible, and may be directly placed in the program provided they otherwise meet eligibility requirements [age, no prior DOCS commitments, no exclusion convictions – see Corr. Law § 865 (1)].

<u>Class C, D and E</u>: Imprisonment is not required – all non-incarcerative dispositions are authorized, including judicial diversion pursuant to CPL § 216. In addition, Willard placement (without DA consent), and judicial SHOCK placement are available sentencing options.

*(EXHIBIT D)*

**Optional state prison sentences for second felony offenders (prior non-violent felony)**
Class C – A determinate sentence between 1 ½ (reduced from 2) to 8 years – plus PRS
Class D – A determinate sentence between 1 ½ to 4 years (unchanged) – plus PRS
Class E – 1 ½ - 2 (unchanged) – plus PRS

**Second Felony Offenders (with prior violent felony)**
The ameliorative sentencing changes are unavailable to clients who are second felony offenders with a predicate violent felony conviction. These defendants still face mandatory imprisonment, and will continue to be governed by Penal Law § 70.70 (4):

Class B – A determinate sentence between 6 - 15 years – plus PRS (categorical ineligibility for SHOCK)
Class C – A determinate sentence between 3 ½ – 9 years – plus PRS
Class D – A determinate sentence between 2 ½ - 4 ½ years – plus PRS
Class E – A determinate sentence between 2 – 2 ½ years – plus PRS

SHOCK eligibility for certain Class C, D and E offenses – including judicial placement - if the client otherwise meets eligibility requirements – i.e., release eligible within 3 years, no prior DOCS commitments, no exclusion convictions – see Corr. Law § 865 (1).

## 2.   DA CONSENT ELIMINATED FOR ALL WILLARD-ELIGIBLE OFFENSES (EFFECTIVE IMMEDIATELY)

The bill repeals CPL § 410.91 (4), which requires D.A. consent to a Willard parole supervision sentence for certain Class D felony convictions. It also expands this sentencing option to first felony offenders. Therefore, without D.A. consent, courts may sentence first-time Class B offenders and second C, D, and E felony offenders (prior non-violent)1 to Willard upon conviction of the following crimes:

> Criminal mischief in the second and third degrees
> Grand larceny in the fourth degree (P.L. § 155.30 except subdivisions 7 and 11)
> Grand larceny in the third degree (except firearms)
> Unauthorized use of a vehicle in the second degree
> Criminal possession of a stolen property in the third and fourth degrees (except firearms)
> Forgery in the second degree
> Criminal possession of forged instrument in the second degree
> Unlawfully using slugs in the first degree
> Burglary in the third degree

Also Willard eligible: First time Class B drug offenders, and certain second felony Class C, D and E drug & marijuana offenders (prior non-violent).

### 3. JUDICIAL DIVERSION PROGRAM (EFFECTIVE OCTOBER 7, 2009)

The centerpiece of the bill is authorization for a court to divert most drug and marijuana offenders with an identified alcohol or substance abuse problem to treatment. It provides that courts may divert drug offenders (Class B through E), including second felony drug offenders, to in-patient or out patient treatment programs in lieu of prison without consent of the D.A. Courts may also order judicial diversion for defendants charged with Willard eligible crimes (see CPL § 410.91).

Excluded from diversion eligibility are:

    1.) second felony drug offenders with predicate violent felony offense convictions;
    2.) defendants with a conviction for a merit time ineligible offense within the preceding 10 years (generally sex and homicide offenses, see Corr. Law § 803 (1) (d)(ii);
    3.) defendants with a Class A felony drug conviction within the preceding 10 years;
    4.) defendants who have ever been adjudicated a second violent felony offender or a persistent violent felony offender.

Also ineligible for diversion are defendants currently charged with a violent felony offense, or a merit time ineligible offense, for which imprisonment is mandatory upon conviction, while such charge is pending. However, the court may order diversion in any of the above situations with consent of the D.A.

After ordering and receiving an alcohol and substance abuse evaluation, the court must make findings with respect to whether:

    a.    the defendant is statutorily eligible for diversion
    b.    the defendant has a history of alcohol or substance abuse or dependence;
    c.    such alcohol or substance abuse or dependence is a contributing factor to the defendant's criminal behavior;
    d.    the defendant's participation in judicial diversion could effectively address such abuse or dependence; and
    e.    institutional confinement of the defendant is or may not be necessary for the protection of the public.

Generally, a guilty plea will be required for judicial diversion, but the court may, in exceptional circumstances, where the plea is "likely to result in severe collateral consequences," order diversion without a guilty plea. The court will have a range of options upon the defendant's successful completion of the diversion program, including allowing the defendant to withdraw a guilty plea and dismissing the indictment or substituting a misdemeanor conviction in lieu of the felony. The court will also have a range of options when a defendant is unsuccessful in the diversion program, including imposing a state prison sentence for the crime of conviction or a lesser offense. The legislation directs courts to consider that "persons who ultimately successfully complete a drug treatment regimen sometimes relapse by not abstaining from alcohol or substance abuse" and to consider using a "system of graduated and appropriate responses or sanctions."

**4.    CONDITIONAL SEALING OF RECORDS UPON COMPLETION OF JUDICIAL DIVERSION OR SIMILAR DRUG TREATMENT PROGRAM (EFFECTIVE: JUNE 7, 2009)**

The legislation authorizes courts to conditionally seal records of drug, marijuana and Willard-eligible non-drug crimes (see CPL §410.91) upon a defendant's successful completion of a judicial diversion program, DTAP or similar substance abuse treatment program.  Sealing authority will also extend to up to three of the defendant's prior misdemeanor drug or marijuana convictions.  A new arrest for a crime will effectively unseal these records unless the criminal action terminates in the defendant's favor pursuant to CPL § 160.50 or results in a non-criminal disposition pursuant to CPL § 160.55.

**5.    RESENTENCING OF INMATES CONVICTED AND SENTENCED TO INDETERMINATE TERMS UNDER FORMER LAW (MOST PROVISIONS EFFECTIVE OCTOBER 7, 2009)**

   **The resentencing provisions of the reforms are not effective until October 7, 2009.**

The bill authorizes discretionary resentencing of inmates who were convicted of Class B drug offenses committed **prior to January 13, 2005**, and sentenced to **indeterminate terms** under the old sentencing law.  Inmates serving indeterminate terms with maximum terms of "more than 3 years" (e.g., 2 – 4 years) may petition the sentencing court for resentencing under the new determinate sentencing scheme.  As part of the application, the inmate may also move for resentencing on any Class C, D, or E drug or marijuana convictions "which were imposed by the sentencing court at the same time or were included in the same order of commitment as such class B felony."  The resentencing procedure will be governed by the same rules included in the 2004 Drug Law Reform Act.  Inmates will have the immediate right to appointed counsel to prepare and file the petition, and the right to appeal from adverse determinations.

Exclusions: Inmates who are serving time for or have been convicted within the preceding 10 years, exclusive of time in custody, of a violent felony, or a merit-time ineligible offense [see Corr. Law § 803 (1) (d) (ii)], or who were adjudicated a second violent felony offender or a persistent violent felony offender, are ineligible for resentencing.

**6. NEW CRIMES (EFFECTIVE NOVEMBER 1, 2009)**

The legislation enacts new crimes and enhanced sentencing for sale of a controlled substance by an adult over age 21 to a child under age 17, and for so-called drug kingpins.  The "kingpin" statute applies to directors and profiteers of controlled substance organizations.  The monetary threshold for criminal liability is set at $75,000 over the course of 6 months or one year, depending on the defendant's role in the organization. (Bill sections 28 and 29).

PROOF OF SERVICE

Applicant must send a copy of this application and all attachments to the United States Attorney's office in the district in which you were convicted.

I certify that on _____ July 5th, 2009 _____, I mailed a copy of this Application[*] and
[date]
all attachments to ___ Pro se Office  New York Southern District ___

at the following address:
_____ Pro Se Office   500 Pearl Street _____
_____ US Southern District   New York, New York 10007 _____

_____
Applicant's Signature

Gilberto Estrella
Gouverneur C.F.
P.O.Box #480
Gouverneur, New York
                13642

Sworn to me on this _____ day of
JUly, 2009.

_____
Notary Public

T. Christopher Reed
Notary Public, State of New York
No. 01RE6074262
Qualified in St. Lawrence County
Commission Expires: 5/13/2010

[*]  Pursuant to Fed.R.App.P. 25(a), "Papers filed by an inmate confined in an institution are timely filed if deposited in the institution's internal mail system on or before the last day of filing. Timely filing of papers by an inmate confined in an institution may be shown by a notarized statement or declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid."

Page 7

CLOSED, ECF

# U.S. District Court
# United States District Court for the Southern District of New York (Foley Square)
# CRIMINAL DOCKET FOR CASE #: 1:07-cr-01117-PAC-1

Case title: USA v. Estrella

Date Filed: 12/07/2007
Date Terminated: 05/29/2008

Assigned to: Judge Paul A. Crotty

| **Defendant (1)** | |
| --- | --- |
| **Gilberto Estrella** | represented by **David E. Patton** |
| *TERMINATED: 05/29/2008* | Federal Defenders of New York Inc. |
| *also known as* | (NYC) |
| Pedro Fana | 52 Duane Street |
| *TERMINATED: 05/29/2008* | 10th Floor |
| *also known as* | New York , NY 10007 |
| David Bolivar-Ceballos | 212-417-8700 |
| *TERMINATED: 05/29/2008* | Fax: 212-571-0392 |
| *also known as* | Email: david_patton@fd.org |
| Jose Luis Negron-Molina | *LEAD ATTORNEY* |
| *TERMINATED: 05/29/2008* | *ATTORNEY TO BE NOTICED* |
| | *Designation: Public Defender or Community Defender Appointment* |

**Pending Counts**

8:1326A.F REENTRY OF DEPORTED
ALIENS (ILLEGAL REENTRY)
(1)

**Disposition**

Imprisonment for a total term of Thirty-Six Months to run consecutively with the New York State sentence Mr. Estrella is currently serving. Supervised release for a term of Three Years.

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

**Plaintiff**

| USA | represented by **Howard Seth Master** |
| --- | --- |

U.S. Attorney's Office, SDNY (St
Andw's)
One St. Andrew's Plaza
New York , NY 10007
(212)-637-2248
Fax: (212)-637-2937
Email: howard.master@usdoj.gov
*TERMINATED: 01/02/2008*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 12/07/2007 | 1 | INDICTMENT FILED as to Gilberto Estrella (1) count(s) 1. (jm) (Entered: 12/10/2007) |
| 12/07/2007 | | Case Designated ECF as to Gilberto Estrella. (jm) (Entered: 12/10/2007) |
| 12/17/2007 | 2 | MOTION for Writ of Habeas Corpus ad prosequendum as to Gilberto Estrella. Document filed by Gilberto Estrella. (Master, Howard) (Entered: 12/17/2007) |
| 12/17/2007 | 3 | AFFIRMATION of Howard S. Master in Support by USA as to Gilberto Estrella re 2 MOTION for Writ of Habeas Corpus ad prosequendum as to Gilberto Estrella.. (Master, Howard) (Entered: 12/17/2007) |
| 12/21/2007 | 7 | CJA 23 Financial Affidavit by Gilberto Estrella. Approved, David Patton appointed. (Signed by Judge Magistrate Judge Ronald L. Ellis) (ja) (Entered: 04/10/2008) |
| 12/28/2007 | | Calendar Entry: Initial Pretrial Conference before Judge Paul A. Crotty scheduled for Thursday, January 3, 2008 at 2:15 PM in Courtroom 20-C (Scheduled via e-mail by chambers - Marlon Ovalles). (mov) (Entered: 01/02/2008) |
| 01/02/2008 | | Attorney update in case as to Gilberto Estrella. Attorney David E. Patton for Gilberto Estrella added.. (mov) (Entered: 01/02/2008) |
| 01/03/2008 | | Minute Entry for proceedings held before Judge Paul A. Crotty: Defendant present with AFD David E. Patton. AUSA Howard S. Master present. Court Reporter Carol Gangley present. Spanish Interpreter Paula Gold present. The next conference will go forward on Tuesday, February 5, 2008 at 2:00 PM in Courtroom 20-C. At the next conference, defense counsel will report the status of discovery review or inform the Court of any contemplated motion(s) that might be filed. Upon no objection in open Court, and in the interest of justice, |

| | | |
|---|---|---|
| | | the Court excludes the period of time from January 3, 2008, to Tuesday, February 5, 2008, under the Speedy Trial Act. The defendant continues remanded. See transcript for compete details of this proceeding. Pretrial Conference as to Gilberto Estrella held on 1/3/2008, As to Gilberto Estrella (Pretrial Conference set for 2/5/2008 at 02:00 PM in Courtroom 20C, 500 Pearl Street, New York, NY 10007 before Judge Paul A. Crotty.) (mov) (Entered: 01/03/2008) |
| 02/04/2008 | | Calendar Entry: **Conference Reminder** Pretrial Conference set for Tuesday, February 5, 2008 at 2:00 PM in Courtroom 20-C (By: Marlon Ovalles - CRD). (mov) (Entered: 02/04/2008) |
| 02/04/2008 | 4 | ENDORSED LETTER as to Gilberto Estrella addressed to Judge Crotty from Attorney David Patton dated 2/4/08 re: submitted to request a brief adjournment of tomorrow's status conference. ENDORSEMENT: Application GRANTED. The conference is adjourned to 2/14/08 at 2:00 in Courtroom 20C. It is further that pursuant to 18 U.S.C. 3161(b)(8)(A), the time from 2/5/08 until 2/14/08 is excluded in the interest of justice. I find that this exclusion outweighs the best interest of the defendant and the public in a speedy trial. (Signed by Judge Paul A. Crotty on 2/4/08)(bw) (Entered: 02/04/2008) |
| 02/04/2008 | | Set/Reset Hearings as to Gilberto Estrella: Pretrial Conference set for 2/14/2008 at 02:00 PM before Judge Paul A. Crotty.(bw) (Entered: 02/04/2008) |
| 02/13/2008 | | Calendar Entry ***CONFERENCE REMINDER*** as to Gilberto Estrella: Pretrial conference set for Thursday, February 14, 2008 at 2:00 PM before Judge Paul A.Crotty, U.S.D.J, in Courtroom 20-C (By: Marlon Ovalles - CRD). (mov) (Entered: 02/13/2008) |
| 02/14/2008 | | Minute Entry for proceedings held before Judge Paul A. Crotty:Initial Appearance as to Gilberto Estrella held on 2/14/2008. (jw) (Entered: 02/20/2008) |
| 02/14/2008 | | Minute Entry for proceedings held before Judge Paul A. Crotty:Arraignment as to Gilberto Estrella (1) Count 1 held on 2/14/2008. Deft present with atty AFD David Patton. USA Howard Master present. Court reporter Eve Giniger present. The deft pleads not guilty. (jw) (Entered: 02/20/2008) |
| 02/14/2008 | | Minute Entry for proceedings held before Judge Paul A. Crotty: Plea entered by Gilberto Estrella (1) Count 1 Not Guilty. (jw) (Entered: 02/20/2008) |
| 02/14/2008 | | Minute Entry for proceedings held before Judge Paul A. Crotty:Change of Plea Hearing as to Gilberto Estrella held on 2/14/2008. Deft present with atty AFD David Patton. AUSA Howard Master present. Court Reporter Eve Giniger present. The defendant withdrew his previously entered not guilty plea and entered a plea of guilty to the Indictment as charged. The Court accepted the defendant's guilty plea and ordered the PSI. The sentencing is set for Thursday, May 15, 2008 at 2:30pm. The defendant continues remanded. See transcript for complete details of this proceeding. (jw) (Entered: 02/20/2008) |
| 02/14/2008 | | Change of Not Guilty Plea to Guilty Plea as to Gilberto Estrella (1) Count 1. (jw) (Entered: 02/20/2008) |
| | | |

| | | |
|---|---|---|
| 02/14/2008 | | Minute Entry for proceedings held before Judge Paul A. Crotty: Plea entered by Gilberto Estrella (1) Guilty as to Count 1. (jw) (Entered: 02/20/2008) |
| 02/14/2008 | | Order of Referral to Probation for Presentence Investigation and Report as to Gilberto Estrella. (Signed by Judge Paul A. Crotty on 2/14/08)(jw) (Entered: 02/20/2008) |
| 02/14/2008 | | Minute Entry for proceedings held before Judge Paul A. Crotty: as to Gilberto Estrella; Sentencing set for 5/15/2008 at 02:30 PM before Judge Paul A. Crotty. (jw) (Entered: 02/20/2008) |
| 02/20/2008 | 5 | TRANSCRIPT of Proceedings as to Gilberto Estrella held on 1/3/08 before Judge Paul A. Crotty. (jbe) (Entered: 02/20/2008) |
| 03/18/2008 | 6 | TRANSCRIPT of Proceedings as to Gilberto Estrella held on 2/14/2008 before Judge Paul A. Crotty. (jp) (Entered: 03/18/2008) |
| 05/14/2008 | 8 | ENDORSED LETTER as to Gilberto Estrella addressed to Judge Crotty from David Patton dated 5/13/08 re: Adjournment of the sentencing. Application granted. The sentence is adjourned to 5/28/08 @ 4:30pm, in courtroom 20C. So Ordered.. (Signed by Judge Paul A. Crotty on 5/14/08)(pr) (Entered: 05/14/2008) |
| 05/14/2008 | | Set/Reset Hearings as to Gilberto Estrella: Sentencing set for 5/28/2008 at 04:30 PM before Judge Paul A. Crotty.. (pr) (Entered: 05/14/2008) |
| 05/23/2008 | 9 | SENTENCING MEMORANDUM USA as to Gilberto Estrella. (Master, Howard) (Entered: 05/23/2008) |
| 05/27/2008 | | Calendar Entry (**Time and Courtroom Change**): The previously scheduled Sentencing set for Wednesday, May 28, 2008 at 4:30 PM will now go forward at 4:40 PM in Courtroom 11-C NOT 20-C. All parties shall update there calendars accordingly. (By: Marlon Ovalles - CRD). (mov) (Entered: 05/27/2008) |
| 05/28/2008 | | Minute Entry for proceedings held before Judge Paul A. Crotty:Sentencing held on 5/28/2008 for Gilberto Estrella (1) Count 1. (jw) (Entered: 06/03/2008) |
| 05/29/2008 | 10 | FILED JUDGMENT IN A CRIMINAL CASE as to Gilberto Estrella (1), Pleaded guilty to Count(s) 1, Imprisonment for a total term of Thirty-Six Months to run consecutively with the New York State sentence Mr. Estrella is currently serving. Supervised release for a term of Three Years. The Court makes the following recommendations to the Bureau of Prisons: The Court recommends that Mr. Estrella be designated to a BOP facility located in or around the NYC Metropolitan area. In the alternative, the Court recommends that Mr. Estrella be designated to a BOP facility located in the Northeast Region of the US. The Court further recommends that Mr. Estrella be enrolled in the 500-hour drug and alcohol treatment program. Special Assessment of $100 which is due immediately. (Signed by Judge Paul A. Crotty on 5/29/08) (jw) (Entered: 06/03/2008) |
| 06/03/2008 | | Judgment entered in money judgment book as #08,0972 as to Gilberto Estrella in the amount of $ 100.00, re: 10 Judgment. (dt) (Entered: 06/05/2008) |

| 07/08/2008 | 11 | TRANSCRIPT of Proceedings as to Gilberto Estrella held on 5/28/08 before Judge Paul A. Crotty. (ama) (Entered: 07/08/2008) |
| 07/08/2008 | 12 | TRANSCRIPT of Proceedings as to Gilberto Estrella held on 5/28/08 before Judge Paul A. Crotty. (ama) (Entered: 07/08/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/15/2009 11:21:04 | | | |
| **PACER Login:** | uc0166 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:07-cr-01117-PAC |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

# Exhibit "B"

Case 1:07-cr-01117-PAC   Document 21   Filed 03/16/15   Page 27 of 31

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: March 18, 2015

Gilberto Estrella #07A3414

    Petitioner,
    Defendant, Appellant

- against -

United States of America

    Plaintiff/Appellee

- - - - - - - - - - - - - - - - - - - - - - - X

APPLICATION FOR APPOINTMENT
OF COUNSEL pursuant to
18 U.S.C. § 3006A(g)
(habeas corpus petition)

Docket # 09-3014-op

Case # 07-CR-1117

Judge Paul Crotty
August 3rd, 2009

1. Name of applicant    Gilberto Estrella

2. Explain why you feel you need a lawyer in this case. (Use
   additional paper if necessary.) I speak very little English,
   I went to the law library for help - Federal law is not easy
   (SEE — EXHIBIT A)
   to do, Appellant law is even more difficult. By law, Douglas vs
   California 372 US 353., I am requesting Representation, please.

3. Explain what steps you have taken to find an attorney and with
   what results. (Use additional paper if necessary.)
   I wrote 8 letters to law firms, and Pro Se Magazine,
   But all so far said No, to pro Bono Representation.

4. If you need a lawyer who speaks in a language other than
   English, state what language you speak: Spanish

I declare under the penalties of perjury that my answers to the
foregoing questions are true to the best of my knowledge.

I understand that if I am assigned a lawyer and my lawyer learns,
either from myself or elsewhere, that I can afford a lawyer, the
lawyer may give this information to the Court.

I understand that if my answers on my application to Proceed in
Forma Pauperis are false, my case can be dismissed.

Dated:    August 3rd, 2009.

           Gilberto Estrella
           Signature

           Gilberto Estrella
           Government Corr. Facility

UNITED STATES DISTRICT COURT

_Southern_ _____ OF NEW YORK.

_Gilberto Estrella_ _#07A3414_
_____
(petitioner/plaintiff)

-v-

_United States of America_
_____
(Respondent(s) (Defendant)

_Docket # 09-3014-op_

_Case # 07-cr-1117_

_August 3rd, 2009_

I, _Gilberto Estrella_ _____ ,am the petitioner/plaintiff in the
above-entitled case. in support of my motion to proceed without being
required to prepay fees or costs or give security therefore, I state that
because of my poverty I am unable to pay the costs of said proceeding
or to give security therefore, that I believe I am entitled to redress.
I declare that the responses which I have made below are true.

1. If you are presently employed, state the amount of your salary  wage
per month, and give the name and address of your last employer. YOU MUST
ANSWER THIS QUESTION EVEN IF YOU ARE INCARCERATED. _(I am incarcerated)_

_I am currently incarcerated at Gouverneur Correctional Facility_
_#480 P.O. Box, Gouverneur, N.Y. 13642. I earn $6.00 every (2)_
_weeks._

2. If you are NOT PRESENTLY EMPLOYED, state the date of last employment
and amount of the salary per month which you are receiving and how long
the employment lasted. YOU MUST ANSWER THIS QUESTION EVEN IF YOU ARE
INCARCERATIONED. IF YOU HAVE NEVER BEEN EMPLOYED, SAY SO.

_I have been incarcerated the last (3) years, before that_
_I had odd jobs earning minimum wage._

3. Have you ever received, within the past twelve months, any money form
any of the following sources.?

a.  Business, porfession, or form of self- employment?  YES___ NO ✓

b.  Rent payments, interest, or dividends?  YES___ NO ✓

c.  Pensions, annuities, or life insurance payments?  YES___ NO ✓

d.  Gifts or inheritances?  YES___ NO ✓

e.  Any form of public assistance?  YES___ NO ✓

f.  Any other sources?  _Family for food &_   YES ✓ NO___
                        _cosmetics_

If the answer to any of the questions in part three is yes, describe each source of money and state the amount received from each during the past months.

_____

4. Do you own any **cash** or do you have money in a checking or savings account?

   YES____ NO ✓ (Including any funds in prison accounts)
   If the answer is yes, state the total value owned.

_____

5. Do you own any **real estate, stock, bonds, notes, automobiles,** or other valuable property (including ordinary household furnishings and clothing)?
   YES____ NO ✓
   If the answer is yes, describe the property and state its approximate value.

_____

6. List the person(s) who are dependent upon you for support, state your relationship to those person(s), and indicate how much you contribute toward their support at the present time.   *I have family Back in my country when I am deported*

_____

7. If you live in a rented apartment or other rented building, state how much you pay each month for rent. Do not include rent contributed by other people.

   _____*N/A*_____          _____*N/A*_____

8. State any special financial circumstances which the court should consider in this application.

   *I am an incarcerated inmate*
_____

I understand that a false statement or answer to any questions in this declaration will subject me to the penalties for perjury.

I declare under penalty of perjury that the forgoing is true and correct.

signed this ___*4*___ day of *August* 200*9*,

_____          *Gilberto Estrella #07A3414*
*Notary Public*                            (Name)

T. Christopher Reed
Notary Public, State of New York
No. 01RE6074262
Qualified in St. Lawrence County
Commission Expires: *5/13/2010*

*Gilberto Estrella #07A3414*

*Gouverneur Corr. Facility*

# CHAPTER 9

## APPEALING YOUR CONVICTION OR SENTENCE[*]

### A. Introduction

This Chapter discusses how you can appeal a conviction or sentence entered against you in a New York state trial court. Part B defines a criminal appeal. Part C discusses possible limits upon your right to appeal and requirements for preserving this right. Part D explains what you can do before the court hears your appeal, such as how to request release on bail while your appeal is pending. Part E describes the grounds on which an appellate court reviews your case, and what type of relief is available to you. Part F indicates what papers you need to fill out in order to appeal and where, when, and how to file these papers. Part G discusses the possibility of pursuing your claim if you lose on appeal.[1] Finally, Part H discusses your right to effective assistance of appellate counsel. You have a constitutional right to counsel for your appeal.[2] The state must provide a lawyer to represent you if you cannot afford to hire one.[3]

Although this Chapter deals specifically with New York law, it may give you some background information about the issues you may raise in an appeal in another state. If you have been convicted or sentenced in a federal court, your appeals will be governed by federal law. If you have been convicted or sentenced in a state court, that state's laws will govern your appeal. Your law library should have the information you need on your specific appeal.

There are two appendices at the end of this Chapter. Appendix A is a chart that indicates the court to which you should appeal. Appendix B provides sample papers for appeals, including papers needed to get a lawyer without cost, to get released on bail pending appeal, and to get an extension of time to take your appeal. You should read the entire Chapter before consulting these forms. These forms are samples only; *you must write your own versions of these papers*. If you simply tear these papers out of the book and send them to a court, the court may ignore them. If you complete the forms incorrectly, you may lose your chance to appeal.

Above all, keep in mind as you read this Chapter that timing is crucial to preserving your right to appeal.

### B. What Is a Criminal Appeal?

If you have been convicted of a felony or misdemeanor[4] in a trial court, you may be able to appeal. An appeal allows you to take your case to a higher court (an "appellate court") that has the power to review, and potentially change, trial court decisions. As the "appellant," you will argue

---

[*] This Chapter was revised by Sydney Bird, based on previous versions by Miranda Berge, Peggy Cross, Joy Fuyuno, Deidra D. Dixon, Janet Ellis, and Amy Metzler.

1. New York Criminal Practice Handbook, Chapter 22, *Appeals in Criminal Cases*. (Lawrence N. Gray ed., Lexis Nexis 2d ed. 1998), has been an important resource in the writing of this Chapter of the *JLM*. We strongly recommend it to the reader for a detailed, chronological discussion of the criminal appellate process in New York State.

2. *See* Douglas v. California, 372 U.S. 353, 356–58, 83 S. Ct. 814, 816–17, 9 L. Ed. 2d 811, 814–15 (1963) (holding that an indigent defendant has the right to counsel, including the right to have counsel appointed at the state's expense, during "the first appeal, granted as a matter of right").

3. *See* Douglas v. California, 372 U.S. 353, 356–58, 83 S. Ct. 814, 816–17, 9 L. Ed. 2d 811, 814–15 (1963) (holding that an indigent defendant has the right to counsel, including the right to have counsel appointed at the state's expense, during "the first appeal, granted as a matter of right").

4. A felony is a crime that is punishable by a prison term of more than one year. N.Y. Penal Law § 10.00(6) (McKinney 2004 & Supp. 2006). A misdemeanor is an offense, other than a "traffic infraction," that can be punished by a brief jail sentence of at least 15 days but no more than one year. N.Y. Penal Law § 10.00(5) (McKinney 2004 & Supp. 2006).

# AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK )
COUNTY OF ST. LAWRENCE)ss.:

Case #07-cr-1117

    I _Gilberto Estrella_ , being duly sworn, deposes and says:

That on the _4th_ day of _August_ , 2009, I placed in the

U.S. Mail Depository at the Gouverneur Correctional Facility, Scotch

Settlement Road, P.O. Box 480, Gouverneur, New York 13642-0370, a

true and accurate copy of the enclosed papers, and mailed such to

the following: (1) _Acknowledgement & Notice of Appearance_
(2) _Application For Appointment of Counsel 18 USC 3006(A)g_
(3) _Affidavit of Service By Mail_

(1) _Clerk of the Court_
_US Appeals Court of Appeals_
_for 2nd Circuit_
_US Court House 40 Foley Square_
_New York, New York 10007_

(2) _US Attorney's Office / Howard S Master Esq_
_1 St. Andrews Plaza_
_New York, New York 10007_

Sworn to before Me this
_7_ Day of _August_ , 2009

_____
Notary Public

T. Christopher Reed
Notary Public, State of New York
No. 01RE6074262
Qualified in St. Lawrence County
Commission Expires: 5/13/2010

Respectfully Submitted,

_Gilberto Estrella_
_Gilberto Estrella_
#0743414
Gouverneur Corr. Facility